56 F.3d 59
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 UNITED STATES, Appellee,
v.
Argermiro AYA, Defendant, Appellant.
 No. 94-2142.
 United States Court of Appeals,
First Circuit.
 June 8, 1995.
 
 Elfrick Mendez Morales on brief for appellant.
 Guillermo Gil, United States Attorney, Jacabed Rodriguez-Coss, Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior Litigation Counsel, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Argermiro Aya pleaded guilty to possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced him to 57 months imprisonment. On appeal from this sentence, Aya raises only one issue. He contends that the sentencing court erred in reducing his offense level by only two levels, for his role in the offense as a "minor" participant, instead of by four levels, in recognition of his role as a "minimal" participant. See United States Sentencing Commission, Guidelines Manual, Sec. 3B1.2 (November, 1993) ("Sentencing Guidelines"). We affirm.
 
 I. Background
 
 2
 The following facts are derived from the pre- sentence report ("PSR") to which neither party objected. Aya arrived in Puerto Rico at the Luis Munoz Marin International airport on May 14, 1994 on a flight from Panama City, en route to Madrid, Spain. U.S. Customs officials had identified Aya and two other passengers as fitting the profile of a narcotics trafficker. Custom agents separately stopped both Aya and another passenger, later identified as Hector R. Zamora-Velez, at the airport in Puerto Rico. Pat downs and subsequent searches revealed that Aya and Zamora were each wearing vests with pockets containing packages of cocaine. The cocaine found on Aya had a net weight of 4,503 grams or 4.5 kilograms and an average purity strength of 81%. The cocaine found on Zamora had a net weight of 4,339 grams and an average purity strength of 77%.
 
 
 3
 According to the PSR, Zamora waived his rights at the time of his arrest and stated that he and Aya were travelling together. He said that a few weeks earlier he had been approached in Colombia by an (unnamed) person who asked him if he wanted to earn $5,000. That person provided Aya and Zamora with passports, airline tickets and a small amount of cash. The two allegedly obtained the cocaine and vests in Panama, where they boarded the plane for Spain, via Puerto Rico. Aya, in a later conversation with a probation officer, also stated that he was going to be paid $5,000 upon the delivery of the drugs in Spain. He claimed that he had agreed to smuggle the drugs because he needed the money to pay his father's medical bills.
 
 
 4
 A two-count indictment charged Aya with possession with intent to distribute approximately 5.1 kilograms of cocaine (Count One) and importing the same quantity of cocaine (Count Two). After initially pleading not guilty, Aya changed his plea to guilty on Count One, pursuant to a plea agreement entered on July 26, 1994, in which the government agreed to move for dismissal of Count Two. The parties also agreed to stipulate that Aya was personally responsible for the possession with intent to distribute of 4.5 kilograms of cocaine.
 
 
 5
 A PSR was prepared, recommending a base offense level of 30 and a reduction of three levels for acceptance of responsibility and two levels for Aya's role in the offense as a "courier". See U.S.S.G. Sec. 3B1.2(b) (providing for a decrease of two levels where the defendant is a "minor participant"). The total offense level of 25 and a criminal history category of I yielded a guideline sentencing range of 57 to 71 months. There were no objections to the PSR.
 
 
 6
 At the sentencing hearing, the district court denied defendant's request for a four-level reduction for his role as a "minimal" participant in the offense. The reasons given, if any, are not included as part of the record. (Apparently, a transcript of the sentencing hearing was not prepared.) The sentencing court adopted the factual findings and guideline application in the PSR, however, which included a finding that Aya's role was as a courier. Although the statutory mandatory minimum sentence was five years, the district court agreed with defendant and the government that Aya met the criteria under 18 U.S.C. Sec. 3553(f).[1] Therefore, the court imposed a prison sentence of 57 months.
 
 II. Discussion
 
 7
 Section 3B1.2 of the Sentencing Guidelines provides for reductions in a defendant's offense level based upon his role in the offense: a decrease of 4 levels if the defendant was a "minimal participant" and a decrease of 2 levels if the defendant was a "minor participant." Commentary to the Sentencing Guidelines provides that "[t]he determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of Sec. 1B1.3 (Relevant Conduct), i.e., all conduct included under Sec. 1B1.3(a)(1)-(4), and not solely on the basis of elements and acts cited in the count of conviction." U.S.S.G. Sec. 3B1 (introductory commentary). In the commentary to Sec. 3B1.2, the four-level reduction for minimal participation is explained as follows:
 
 
 8
 It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group....
 
 
 9
 It is intended that the downward adjustment for a minimal participant will be used infrequently. It would be appropriate, for example, ... in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs.
 
 
 10
 A two-level reduction for "minimal" participation is meant for a participant "who is less culpable than most other participants, but whose role could not be described as minor." U.S.S.G. Sec. 3B1.2 (commentary).
 
 
 11
 The defendant has the burden of proving entitlement to a downward adjustment pursuant to Sec. 3B1.2. United States v. Munoz, 36 F.3d 1229, 1238 (1st Cir. 1994), cert. denied, __ U.S. __, 115 S. Ct. 1164 (1995). This court has recently emphasized that "[r]ole-in-the offense determinations are innately fact-specific. The court of appeals must, therefore, pay careful heed to the sentencing judge's views." United States v. Rostoff, No. 93-1376, slip op. at 29 (1st Cir. April 24, 1995) (citation omitted). "Absent a mistake of law, a district court's finding as to whether a defendant was a minor or minimal participant will be reversed only if clearly erroneous." United States v. Neal, 36 F.3d 1190, 1211 (1st Cir. 1994).
 
 
 12
 Aya argues that his role in the offense was that of a mere courier, a role that he argues is necessarily "minimal." This court has twice directly rejected that argument. In United States v. Lopez-Gil, 965 F.2d 1124, 1131 (1st Cir. 1992), we held that "a defendant who is a drug courier is not entitled as of right to a reduction of the offense level as a minimal or minor participant." Lopez-Gil was arrested at the same airport in Puerto Rico, also en route to Spain, carrying suitcases containing cocaine. Although the district court determined that Lopez-Gil " 'acted as a courier and apparently had no proprietary interest in the cocaine as such,' " it refused to grant him even a two- level reduction for minor involvement. Id. at 1126 (quoting sentencing court). Nonetheless, this court affirmed the sentence. Id. at 1131.
 
 
 13
 Lopez-Gil cited to this Court's holding to the same effect in United States v. Paz Uribe, 891 F.2d 396, 399 (1st Cir. 1989) ("[E]ven if the court had found that Paz was only a courier, he would not automatically be entitled to a reduction."), cert. denied, 495 U.S. 951 (1990). Under these circumstances, the district court did not clearly err in sentencing Aya as a "minor" rather than a "minimal" participant.
 
 
 14
 Appellant's sentence is therefore affirmed. See Loc. R. 27.1.
 
 
 
 [1]
 Section 3553(f) provides that a Guideline sentence below the statutory minimum may be imposed for defendants with no more than 1 criminal history point, if certain other criteria are also met